IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN W. DAHLKEMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-53-E |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 23rd day of December, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

1

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, first, that the residual functional capacity assessment ("RFC") as formulated by the Administrative Law Judge ("ALJ") in this case cannot be based on substantial evidence because, since the ALJ did not rely on the medical opinions offered in the record, he was required to solicit a new medical opinion on which to base his RFC, but he did not do so. Second, Plaintiff contends that, even if the ALJ was not obligated to request a new medical opinion in this case, his RFC analysis is flawed and, therefore, is not based on substantial evidence. Last, Plaintiff claims that the ALJ failed to properly develop the record because one of the medical opinions in the record required clarification. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination of Plaintiff's non-disability.

The Court notes that Plaintiff's first argument is based on a mistaken understanding of the decision issued by the Court of Appeals for the Third Circuit in Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). As this Court explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), in Callahan v. Colvin, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014), and in various other recent decisions, the Doak opinion does not hold that an ALJ's RFC findings must be based on a specific medical opinion. Rather, the Court of Appeals in Doak held simply that nothing in that particular record supported the finding by the ALJ that the plaintiff could perform light work. The Court of Appeals never suggested that a finding of ability to perform light work could only be made if an opinion in the record had clearly stated that the claimant could perform such work.

Moreover, the interpretation of Doak advocated by Plaintiff would contradict the well-established rule that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); see also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); S.S.R. 96-5p, 1996 WL 374183 (S.S.A. 1996). "There is no legal requirement that a physician [must] have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006); see also Chandler, 667 F.3d at 362 (holding that every fact incorporated into an RFC does not have to have been found by a medical expert). In fact, the Circuit Court in Titterington clearly noted that "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." 174 Fed. Appx. at 11. Accordingly, Doak does not prohibit the ALJ from making an RFC assessment if no doctor has specifically made the same findings. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Circuit Court, under the facts of that case, simply made a substantial evidence finding in light of a limited record; it did not create a new rule that an RFC determination must be based on a specific medical opinion. This general understanding is confirmed by subsequent Third Circuit case law. See Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

Furthermore, an RFC is properly based on all of the relevant evidence in the case record. See 20 C.F.R. §§ 404.1545, 416.945. An ALJ is not limited to choosing between competing opinions in the record, and may instead develop his own. See 20 CFR §§ 404.1546(c), 416.946(c). Therefore, the ALJ is not required to rely only on a particular physician's opinion, and the RFC finding is actually an administrative—rather than a medical—determination. See 96-5p, 1996 WL 374183, *5. In fact, although ALJs often rely on physicians' opinions, "the regulations do not require ALJs to seek outside expert assistance." See Chandler, 667 F.3d at 362. Thus, in this case, the ALJ was not required to solicit a new medical opinion on which to base his RFC, and he did not err in determining Plaintiff's RFC simply by not relying on the medical opinions offered in the record.

The Court also rejects Plaintiff's second claim, that—regardless of whether another medical opinion should have been sought—the ALJ's RFC analysis is flawed and is, therefore, not supported by substantial evidence. More specifically, Plaintiff argues that the ALJ used his own medical judgment to assess Plaintiff's limitations, rather than consider all the evidence in the record. Upon close review of the record, however, the Court finds that the portions of the record that Plaintiff claims the ALJ to have ignored do not, in fact, contradict the ALJ's assessment. For example, Plaintiff contends that, in support of his RFC, the ALJ relied upon the statements that Plaintiff does not walk with an antalgic gait and that no muscle atrophy or weakness has been recorded. Plaintiff then points to various parts of the record which he alleges document the fact that he does have such problems. Initially, it should be noted that this comment by the ALJ was made merely in reference to Plaintiff's claim that he stays in bed most of the day, but "he somehow manages to maintain his own apartment independently, go grocery shopping, and attend appointments with his medical providers. He also uses public transportation and visits his parents." (R 21). The ALJ then stated that, nevertheless, Plaintiff "does not walk with an antalgic gait and no muscle atrophy or weakness has been recorded." (R. 21). The ALJ then further explains that, despite this conflicting evidence, "interpreting the evidence of record in a light most favorable to the claimant, I have restricted his exertional capacity to the light level." (R. 21). Further, the ALJ included various other restrictions to accommodate Plaintiff's impairments.

Moreover, the medical records referenced by Plaintiff simply do not support his argument that the ALJ failed to consider all relevant evidence as to antalgic gait or muscle atrophy or weakness. Plaintiff first cites a report by John C. Kalata, D.O., which found Plaintiff to have certain limitations because of back pain. The Court notes that the ALJ gave Dr. Kalata's report little weight—a decision which does not appear to be challenged by Plaintiff. (R. 21). Further, the limitations in Dr. Kalata's report are different than the factors noted by the ALJ, and thus do not flatly contradict the ALJ's findings (e.g., difficulty with toe walking and squatting, or tenderness in the lumbar spine, are not the same issues as an antalgic gait or muscle weakness). (R. 378-79). Likewise, the other citations to the record referred to by Plaintiff fail to contradict the ALJ's findings. For example, one record actually refers to Plaintiff's "nonantalgic" gait,

and although another record lists "gait disturbance" or "extremity weakness" as possibilities under a "Review of Systems" heading, the actual findings in that same record are described as normal under the "Physical Examination" heading. (R. 492-94, 301-02).

Similarly, with regard to his COPD, although Plaintiff contends that the ALJ mischaracterized the treatment notes of Stephen P. Kovacs, D.O., the ALJ correctly stated that Dr. Kovacs' "Physical Exam" treatment notes conclude that Plaintiff's peripheral vascular inspection was normal, and they do not indicate any abnormalities in his chest and lung examination or his cardiovascular auscultation. (R. 282).

Finally, with regard to his arthritis, Plaintiff complains that the ALJ cited the facts that Plaintiff was not seeing a rheumatologist and that he admitted to playing video games, "an activity requiring both fine and gross manipulative movements." (R. 20). The Court notes that the ALJ did mention these facts, just as he also found that the medical treatment records do not support Plaintiff's testimony that his psoriatic arthritis inhibits his ability to open jars. (R. 20). These facts are part of the record, however, and the ALJ was entitled to consider them along with the rest of the evidence. With regard to the arthritis issue, Plaintiff does not seem to be arguing that the ALJ failed to consider certain evidence which he should have, but, rather, Plaintiff appears to contend essentially that the ALJ's consideration of these factors consititued error. The Court cannot find that the ALJ clearly erred in considering these factors—along with the other evidence in the record—in reaching his conclusions. Moreover, the ALJ clearly stated that his restrictions account for Plaintiff's "arthritis and lumbar conditions." (R. 21).

In fact, the Court finds that, in making his RFC assessment, the ALJ thoroughly discussed his evaluation of the evidence in the record, including Plaintiff's medical history, the medical opinion evidence, Plaintiff's testimony, and his independent activities of daily living. The Court concludes that, upon review of the record and the ALJ's decision, substantial evidence supports his RFC assessment that Plaintiff could perform a range of light work with additional limitations. (R. 19).

Finally, Plaintiff's last contention is that the ALJ failed to develop the record properly because he did not re-contact Sidney P. Lipman, M.D., for clarification with regard to Plaintiff's need for noise limitations. The Court finds this argument to be unpersuasive as well. An ALJ does have a duty to develop a full and fair record in a Social Security case. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); Carmichael v. Barnhart, 104 Fed. Appx. 803, 805 (3d Cir. 2004). Here, the ALJ clearly fulfilled his duty. First, although the medical opinions did not indicate that Plaintiff had any specific limitations when Plaintiff used his hearing aids, the ALJ still accounted for Plaintiff's testimony regarding hearing problems in making his RFC determination. Specifically, the ALJ restricted Plaintiff from working in environments with a lot of background noise and with noise intensity levels greater than three. (R. 19).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

                                                     s/Alan N. Bloch
                                                     United States District Judge

ecf:    Counsel of record

---

      Nevertheless, Plaintiff argues that the ALJ should have re-contacted Dr. Lipman for further clarification with regard to Plaintiff's hearing difficulties. An ALJ may re-contact a physician if the evidence is insufficient to determine disability or if the evidence is so inconsistent that the ALJ cannot reach a conclusion. See 20 C.F.R. §§ 404.1520b, 416.920b; see also Moody v. Barnhart, 114 Fed. Appx. 495, 501 (3d Cir. 2004) (explaining that it was not necessary for the ALJ in that case to re-contact a treating psychiatrist because the medical records contained sufficient evidence for the ALJ to make a decision); Hartman v. Colvin, 2014 WL 1784084, at *9 (W.D. Pa. May 5, 2014) (finding that the ALJ was not required to re-contact a physician where there was no discrepancy in the record that the ALJ needed to resolve). While Dr. Lipman stated that Plaintiff had severe hearing loss, for which he had been wearing hearing aids for 30 years, he declined to ascribe any specific work limitations for this impairment in his report. (R. 369-72). Moreover, Plaintiff had worked for many years without any reported limitations, and no other physician had indicated any particular limitations due to Plaintiff's hearing loss. Thus, in the case at bar, there was no discrepancy in the record for the ALJ to resolve, and sufficient evidence existed in the record to establish that Plaintiff's hearing loss constituted an impairment. Accordingly, the ALJ included "bilateral hearing loss" among Plaintiff's severe impairments and, as stated, supra, accounted for that impairment with certain restrictions in his RFC. (R. 15, 19). Nothing in the record, therefore, demonstrates that the ALJ failed to fulfill his duty to develop the record in this case by not re-contacting Dr. Lipman.

      Based on the evidence of record, therefore, the Court finds that the ALJ thoroughly discussed his consideration of all of the relevant evidence—including Plaintiff's daily activities of living, his course of medical treatment, the medical opinions of record, and the credibility of his testimony—and made an appropriate RFC determination, which included several limitations stemming from his various impairments. As discussed, supra, nothing in the statute, in the regulations, or in the case law requires that the ALJ rely on—or solicit—a medical opinion in order to make the RFC determination that he made in this case. See Chandler, 667 F.3d at 362. Additionally, the ALJ was not required to further develop the record by re-contacting Dr. Lipman to expand upon his report. The Court finds, therefore, that substantial evidence supports the ALJ's ultimate determination that Plaintiff retains the ability to perform work consistent with his RFC finding. Accordingly, the Court affirms.